UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM PRIMO,

    Plaintiff,

v.                                                                 Case No. 3:13-cv-64-J-32MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a Florida insurance
corporation,

    Defendant.

## ORDER

This case comes before the Court on the parties' motions in limine (Docs. 61, 62, 63, 64, 65, 66, 67) and two joint motions regarding trial logistics (Docs. 57, 58) following a pretrial conference on July 23, 2014 (Doc. 71). At the pretrial conference, the Court heard oral argument on the motions and ruled on most of the issues raised therein. (See id.) The Court also took certain issues under advisement for subsequent ruling, which it addresses now.

### I.   WORKERS' COMPENSATION RECORDS

In Primo's First Motion in Limine, he requests the Court exclude all evidence of his past and present workers' compensation claims, including specific workers' compensation records related to the injuries his allegedly sustained in the subject accident in this case. (Doc. 63.) At the hearing, the parties agreed that evidence of past workers' compensation claims for injuries similar to those alleged here would be

admissible at trial, but not for different injuries (like a prior ankle injury). The parties also agreed to work together to redact any references to workers' compensation from records to be used at trial.

The parties disagreed, however, as to whether certain records prepared for Primo's workers' compensation claim for the subject injuries should be excluded as hearsay. Primo contends the documents were prepared for litigation and therefore do not fall under the exception for medical records in Federal Rule of Evidence 803(4). State Farm disagrees and contends that, in any event, they are business records under Rule 803(6).

The Court has had the opportunity to review the workers' compensation records submitted by Primo with his motion and concludes that they are admissible under Rule 803(4) or, alternatively, under Rule 803(6). The Court agrees, however, that the parties should work together to redact references to workers' compensation.

## II.   ATTORNEY'S NAMES IN MEDICAL RECORDS

Primo moves in his second motion <u>in limine</u> to prohibit, among other things, any mention or reference to attorney names contained in his medical records. (Doc. 64 at 1-2.) At the hearing, State Farm argued that it should be allowed to discuss the fact that Primo was referred to a treater by his attorney, but agreed that the fact that his attorney was copied on a medical record was of little probative value. The Court has now had the opportunity to review the medical record submitted with the motion (<u>see</u> Doc. 64-1) and agrees that the reference to "The patient's attorney at Miller Skinner & Jolly PA" should be redacted before the record is introduced at trial.

**III.    PRIMO'S STATEMENTS IN MEDICAL RECORDS**

In his third motion in limine, Primo moves to exclude statements in his medical records that purport to record his statements that the other vehicle in the accident had a speed of 40 mph.  (Doc. 65.)   Primo argues these statements are not relevant to his medical diagnosis and treatment and therefore not covered by the exception to hearsay in Rule 803(4).   State Farm responded at the hearing that any statements by Primo are admissions under Rule 801(d)(2) and that the record itself is admissible under Rule 803.

The Court finds that these statements are admissible.   Primo's statements are excluded from the definition of hearsay as admissions under Rule 801(d)(2), covering the first layer of hearsay.   For the second layer, the medical records containing these statements fall under Rule 803(4).   The speed of the accident is potentially relevant to a treater's diagnosis and treatment of a post-accident injury.   The cases Primo cites are either not controlling in this federal case or are distinguishable.   Nat'l Union Fire Ins. Co. of Pittsburgh v. Blackmon, 754 So. 2d 840 (Fla. 1st DCA 2000) (finding statement "had nothing to do with [declarant's] diagnosis or treatment"); James A. Cummings Inc. v. Larson, 588 So. 2d 1066 (Fla. 4th DCA 1991) (noting the unequivocal testimony of the doctor was that the statement about speed was not relevant to diagnosis or treatment); Brown v. Seaboard Airline R.R. Co., 434 F.2d 1101 (5th Cir. 1970) (same).   Moreover, even if the records were hearsay, they may be covered by Rule 803(6) and would, in any event, be admissible for impeachment purposes.   Primo's motion on this issue is therefore due to be denied.

## IV.   DR. ROGOZINSKI AND DR. NORMAN

Finally, Primo moves to strike one or the other of the orthopedic experts State Farm identified on its witness list.  (Doc. 67.)  Primo argues these witnesses offer cumulative opinion testimony and should be excluded under Federal Rule of Evidence 403.  State Farm responds that it has not run afoul of the one-expert-one-topic rule because it has only specifically retained Dr. Norman in this case, not Dr. Rogozinksi, who was retained by the carrier in Primo's workers' compensation claim.[1]

From the Court's review of the expert reports attached to the motion (Doc. 67, Exs. A, B.), though marginally distinct, there is a good deal of overlap between the likely testimony of Dr. Rogozinski and Dr. Norman.  Neither doctor treated Primo, though Dr. Rogozinski did actually examine Primo, while Dr. Norman's reports indicates he performed a record review to reach his opinions.  Their ultimate conclusions, however, are largely the same.  The Court does find their testimony cumulative and therefore is inclined to limit State Farm to presenting testimony from either Dr. Rogozinski or Dr. Norman.  However, depending on the evidence at trial and the witnesses that Primo calls, State Farm may revisit this issue.

Accordingly, it is hereby

**ORDERED**:

1.    Defendant's First Motion in Limine (Doc. 61), Defendant's Second Motion in Limine (Doc. 62), Plaintiff's First Motion in Limine (Doc. 63), Plaintiff's Second

---

[1] State Farm also suggested at the hearing that the testimony of some of Primo's witness will overlap.  State Farm has not moved in limine on that issue, however, so the Court declines to address it pretrial.

4

Motion in Limine (Doc. 64), Plaintiff's Third Motion in Limine (Doc. 65), Plaintiff's Fourth Motion in Limine (Doc. 66), and Plaintiff's Fifth Motion in Limine (Doc. 67) are **GRANTED in part, DENIED in part, and WITHDRAWN in part** as set forth above and at the pretrial conference.

2.      The Joint Motion to Allow Electronic Devices (Doc. 57) is **MOOT**.  The Court reiterates that, though cell phones, laptop computers, and similar electronic devices generally are not permitted in the courthouse, attorneys may bring those items with them upon presentation to Court Security Officers of proof of membership in The Florida Bar or an Order of special admission pro hac vice.[2]

3.      The Joint Motion to Allow Paralegals Beyond the Bar (Doc. 58) is **GRANTED**.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of August, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies:

Counsel of record

---

[2] Cell phones must be turned off while in the courtroom.