## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**WILLIAM PRIMO,** an individual,

      Plaintiff,

vs.                                                            Case No.: 3:13-cv-00064-TJC-MCR

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,**

      Defendant.

_____/

## DEFENDANT'S PROPOSED VOIR DIRE

Defendant, State Farm Mutual Automobile Insurance Company, pursuant to the court's "Order Scheduling Trial" (document 72) filed on August 1, 2014, submits proposed voir dire questions, numbered below.   None of these duplicate questions contained in the "Juror Questionnaire" attached to the court's "Order Setting Hearing" (document 75) filed August 22, 2014.

### Court's Juror Questionnaire

Defendant suggests some very slight revisions to some of the questions on the "Jury Questionnaire" attached to the court's "Order Setting Hearing" (document 75) filed August 22, 2014.

Defendant suggests that a sentence within item 3 be revised to include the underscored language as follows:  "*If you have a spouse who is currently employed or retired, state his or her current or last employer, position, and years of employment.*"

1

Defendant suggests that item 5 be revised as follows: *"Briefly describe ~~whether you have~~ any hobbies <u>you have</u>, and ~~whether you belong to any~~ <u>identify and briefly describe</u> organizations, including charitable organizations, unions, social clubs, etc., <u>to which you belong</u>."*

Defendant requests that the prospective jurors be asked to respond to item 7 with respect to themselves <u>and</u> their immediate family members.  Defendant suggests that items 7b and 7c be revised to refer to "disputes or claims."

## Proposed Voir Dire

Defendant requests that the court ask, or allow the attorneys to ask, the following questions of prospective jurors; including follow-up questions as appropriate.  For example, when a prospective juror identifies potential bias or prejudice or even something as simple as a preconceived notion which could affect the prospective juror's ability to be fair and impartial, the essential follow-up question is whether the prospective juror can set aside those feelings and decide the issues in the case solely on the bases of the evidence presented and the instructions given by the court.

### Individuals vs. Corporations

1. Do you believe that companies like State Farm are entitled to the same consideration and justice in court as individuals?  Why or why not?

### Issues and Burden of Proof

2. State Farm has admitted that the driver of the vehicle which rear-ended the plaintiff's vehicle was negligent.  Do you understand that, even though State Farm has admitted that the other driver was negligent, the plaintiff still has the

burden of proof on the other issues, which are whether the negligence was a legal cause of the damages claimed by the plaintiff, whether the plaintiff suffered a permanent injury, and the extent of the plaintiff's damages, if any, caused by the negligence?

**Insurance Bias or Prejudice**

3. Do you have any positive of negative feelings about insurance companies in general? Please explain.

4. Have you ever had any dealings or experience or insurance with State Farm? Please tell us about that.

5. Do you have any positive of negative feelings about State Farm in particular? Please explain.

6. Do you have any experience with your insurance being canceled or with your insurance premiums going up or down, especially regarding your home or vehicles? Which companies? How do you feel about it?

7. (Follow-up on experience with insurance disputes or claims) What was the outcome? How do you feel about the outcome? Is there anything about your experience that would affect your ability to be fair in this case?

**Accident and Injuries**

8. Have you or members of your immediate family sustained injuries not involving car accidents or workers' compensation claims? Who was injured, how were they injured, what was the nature and extent of the injury, and what was the outcome?

3

**Law Enforcement and Fire/Rescue Experience**

9. Have you or immediate members of your family ever been employed in law enforcement or fire/rescue? Please elaborate.

**Knowledge or Interest in Current Affairs and Social Media**

10. Do you keep up with news and current events? How? What TV networks or stations? What radio networks, stations, or commentators? What internet sources?

11. Tell us a little bit about your knowledge or use of technology and social media.

    a. Do you use a computer on a regular basis? For what?

    b. Do you have a smart phone? How do you use it other than to talk by telephone and communicate by e-mail?

    c. Do you participate in any social media like Facebook, Twitter, or LinkedIn?

**Attorneys and Witnesses**

12. Do you know Scott Schuler or Brian Lee or any employees of the law firm of Schuler & Lee, P.A.? Please elaborate.

13. Are you acquainted with any other attorneys? Who do you know and how do you know them?

14. Do you know or have you had dealings with any of the witnesses in this case? The potential witnesses are:

    a. William Primo

4

b.  Carole Jeannean Fudge

c.  Officer Littlefield, Clay County Sheriff's Office

d.  Jodi Michaud

e.  Gil Spruance

f.  Christopher Henderson, MD

g.  J.R. Turner

h.  Michael Scott

i.  Richard Knoff

j.  Richard Darby

k.  Michael Freeman, PhD

l.  Mark Frisk, MD

m.  Craig A. Kornick, MD

n.  Robert Hurford, Jr., MD

o.  Rahul V. Deshmukh, MD

p.  Richard Boehme, MD

q.  Steve Marfongella

r.  David Blocker, EMT

s.  Daniel Lazzaro, EMT

t.  John Taylor, III, EMT

u.  Darrell Grassell

v.  Jerry Harvin

w.  Michael Foley, MD

    x.   James Reid Ipser, PhD

    y.   Harold Lynn Norman, MD

    z.   Chaim Rogozinski, MD

Dated this 26th day of August, 2014.

**s/ J. Stephen O'Hara, Jr.**
J. Stephen O'Hara, Jr.
Florida Bar No. 0243371
Jeffrey J. Humphries
Florida Bar No. 708631
Trial Counsel
O'HARA HALVORSEN HUMPHRIES, PA
4811 Beach Boulevard, Suite 303
Jacksonville, Florida 32207
Telephone: (904) 346-3166
Facsimile: (904) 346-5445
Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of August, 2014, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing to the attorney for Plaintiff, Brian J. Lee, Esquire.

J. Stephen O'Hara, Jr.
Jeffrey J. Humphries