# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WILLIAM PRIMO,

    Plaintiff,

v.                                              Case No. 3:13-cv-64-J-32MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a Florida insurance
corporation,

    Defendant.

_____

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

# **JURY INSTRUCTION NO. 1**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

# JURY INSTRUCTION NO. 2

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal

difference in the weight you may give to either direct or circumstantial evidence.

## **JURY INSTRUCTION NO. 3**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

# JURY INSTRUCTION NO. 4

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

# JURY INSTRUCTION NO. 5

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

# **JURY INSTRUCTION NO. 6**

The claims in this case are as follows. As to the collision on September 22, 2010, Carole Fudge was negligent in operating her vehicle and caused the collision with William Primo.

The issue for you to decide is the extent to which such negligence was a legal cause of loss, injury, or damage to Mr. Primo.

I will now define some of the terms you will use in deciding this case.

# JURY INSTRUCTION NO. 7

In this case it is the responsibility of the Plaintiff William Primo to prove every essential part of his claim by a "preponderance," or the "greater weight," of the evidence. This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence," or "the greater weight of the evidence," simply means an amount of evidence that is enough to persuade you that Mr. Primo's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Primo.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Primo's claim by a preponderance of the evidence, you should find for Defendant State Farm as to that claim.

# **JURY INSTRUCTION NO. 8**

Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably said that, but for the negligence, the loss, injury, or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury, or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another, some natural cause or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.

## **JURY INSTRUCTION NO. 9**

Once you have determined the extent to which the negligence was a legal cause of loss, injury, or damage to Mr. Primo, you should determine and write on the verdict form, in dollars, the total amount of money that a preponderance of the evidence shows will fairly and adequately compensate Mr. Primo for the following elements of damage, including damage that Mr. Primo is reasonably certain to incur in the future:

- The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Mr. Primo in the past or to be so obtained in the future.

- Any earnings or working time lost in the past.

You must next decide whether Mr. Primo's injury resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of a significant and permanent loss of an important bodily function; or a significant and permanent scarring or disfigurement; or an injury that the evidence shows is permanent to a reasonable degree of medical probability.

If a preponderance of the evidence does not establish that Mr. Primo's injury is permanent, then your verdict is complete. If, however,

a preponderance of the evidence shows that Mr. Primo's injury is permanent, you should also award damages for these additional elements of damage:

- Any bodily injury sustained by Mr. Primo and any resulting pain and suffering, disability or physical impairment, disfigurement or scarring, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future.

There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

# JURY INSTRUCTION NO. 10

If you find that Carole Fudge caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Mr. Primo's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Mr. Primo.

# JURY INSTRUCTION NO. 11

If a preponderance of the evidence shows that Mr. Primo has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long Mr. Primo may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Mr. Primo's health, age, and physical condition, before and after the injury, in determining the probable length of his life.

# JURY INSTRUCTION NO. 12

Any amount of damages which you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate William Primo for these losses as they are actually experienced in future years.

# **JURY INSTRUCTION NO. 13**

Of course, the fact that I have given you instructions concerning the issue of Mr. Primo's damages should not be interpreted in any way as an indication that I believe that Mr. Primo should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

# **JURY INSTRUCTION NO. 14**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll notify the court security officer that you have reached a verdict, and the foreperson will return with the completed form when the court security officer escorts you all back into the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should

17

remain in the jury room and not be shared with anyone, including me, in your note or question.