## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

WILLIAM PRIMO,

     Plaintiff,

v.                                                    Case No. 3:13-cv-64-J-32MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a Florida insurance
corporation,

     Defendant.

_____

## <u>ORDER</u>

This underinsured motorist ("UM") coverage case comes before the Court for determination of Defendant State Farm Mutual Automobile Insurance Company's entitlement to any setoff from the jury award for payments made by collateral sources. Jury trial began on September 9, 2014. (Docs. 113.) Before trial, the parties agreed that non-party Carole Fudge, an underinsured motorist, was negligent in rear-ending Plaintiff William Primo's vehicle in a September 22, 2010 accident. (Doc. 69, ¶¶ 8(1), (3).) The parties also agreed that the Court would decide post-trial any collateral source issues, including any potential setoffs against a damages award. (<u>Id.</u> ¶¶ 10(3), (4).) Thus, the issues for the jury were whether and to what extent Fudge's negligence caused Primo's injuries.

On September 12, 2014, the jury returned a verdict finding that Fudge's negligence had caused $50,000 in damages for past medical expenses and $7,560 in

past lost earnings. (Doc. 120.) However, the jury also found that Fudge's negligence caused $0 in future medical expenses and that Plaintiff William Primo had not sustained a permanent injury in the accident. (<u>Id.</u>) The jury therefore did not assess past or future noneconomic damages. (<u>Id.</u>)

After the trial, the parties submitted their opening briefs on the issue of setoff (Docs. 122, 123) and apparently elected not to file any responsive briefs (<u>see</u> Doc. 110). In his brief, Primo contends that he has proven damages in excess of payments already made to him by other sources, but that State Farm cannot prove that any of those payments are duplicated by the sums awarded by the jury. (Doc. 122 at 2-3.) Thus, according to Primo, he is entitled to the full jury award, less whatever part of a $10,000 settlement with Fudge's insurer the Court might find duplicative. (<u>Id.</u> at 4.)

State Farm, on the other hand, believes it is entitled to a total setoff of $41,793.10, comprised of the full $10,000 settlement with Fudge's insurer, $3,399.98 in personal injury protection ("PIP") benefits and $794.59 in medical payment ("Medpay") benefits State Farm has already paid to Primo, $7,093.63 in past medical bills and lost wages paid by Primo's employer's workers' compensation carrier, and a $20,050 lump sum settlement with the workers' compensation carrier. (Doc. 123 at 6-9.) Alternatively, State Farm suggests a total setoff of $67,550, comprised of the full settlements with Fudge's insurer and Primo's employer's workers' compensation carrier and an "equitable setoff" amounting to 75% of the jury's medical expenses award. (<u>Id.</u> at 8-9.)

The Court addresses each setoff State Farm claims, starting with Primo's

settlement with Fudge and her insurer GMAC. The settlement was for $10,000, the limits on Fudge's GMAC policy (Docs. 122-1, 123-1). Primo argues that because the release does not split the $10,000 between economic and noneconomic damages, the settlement cannot be fully duplicated by the jury award, which was only for economic damages. (Doc. 122 at 2-3.) Primo contends State Farm may therefore be entitled to a partial, but not a complete, setoff for the settlement. (Doc. 122 at 2-3.) State Farm, on the other hand, seeks a setoff for the full amount. (Doc. 123 at 6-7.)

The Court finds that the jury award should be set off by the entire settlement amount. A review of the settlement release reveals that it was intended to cover Primo's total damages. (See Doc. 123-1.) The jury award in this case determined Primo's total damages. The jury was presented with evidence on economic and noneconomic damages and was instructed as to both, and found that Primo was entitled only to past economic damages. (Doc. 120.) The jury's total award thus fully duplicates the settlement for Primo's total damages. Somoza v. Allstate Indemnity Co., 929 So. 2d 702, 704 (Fla. 2d DCA 2006); Allstate Ins. Co. v. Campbell, 842 So. 2d 1031, 1034 (Fla. 2d DCA 2003); see GEICO Gen. Ins. Co. v. Cirillo-Meyer, 50 So. 3d 681, 683-84 (Fla. 4th DCA 2010). State Farm is therefore entitled to a setoff for the full $10,000 settlement.

The same reasoning applies to Primo's settlement with the workers' compensation carrier. Perhaps under the mistaken belief that worker's compensation is not subject to setoff, Fla. Stat. § 627.727(1); see Nat'l Union Fire Ins. Co. of Pittsburgh v. Blackmon, 754 So. 2d 840 (Fla. 1st DCA 2000), Primo does not address

worker's compensation benefits at all in his brief. But the limited evidence submitted by State Farm shows that Primo received $20,050 for a general release to the Clay County Board of Commissioners and its workers' compensation claim administrator. (Doc. 123-2.) Just as with the settlement with Fudge and her insurer, the worker's compensation settlement was for Primo's total damages, which were decided and duplicated by the jury's award. Thus, State Farm is entitled to a setoff for the full $20,050 workers' compensation settlement, as well.

According to Primo, there should be no setoff of the jury award for PIP and Medpay benefits State Farm has already paid because State Farm cannot prove which medical bills were duplicated in the jury award. (Doc. 122 at 3.) State Farm argues that its payments and the workers' compensation benefits paid are "plainly" covered by the jury award for past medical expenses and should be set off. (Doc. 123 at 7-8). State Farm suggests alternatively that, because the jury award was not itemized by medical provider, the Court could apply some kind of "equitable setoff" of 75% of the past medical expenses awarded by the jury. (Id.at 9.)

The Court agrees with State Farm's initial proposal and finds that the PIP, Medpay, and workers' compensation benefits should be set off from the jury award. Though the award was not broken down by provider and is somewhat imprecise, it is not difficult to square the verdict with the evidence and conclude that these benefit payments are duplicated in the award. The main disputes in this case were whether Primo injured or aggravated injuries to his neck and shoulder in the accident and whether the accident left him permanently injured. State Farm conceded that Primo

4

had temporary pain after the accident, but contended that the neck and shoulder conditions that eventually resulted in surgery were pre-existing. Through its verdict, the jury essentially agreed with State Farm. The jury declined to award Primo all of the past medical expenses he requested or any future medical expenses, and found that he had not sustained a permanent injury. Since none of the PIP, Medpay, and workers' compensation benefits paid were for the disputed conditions and predate the surgeries for these conditions, it is not difficult to conclude that the payments were duplicated in the jury award.[1]

Lastly, Primo contends State Farm cannot prove what portion of the jury award for lost wages is duplicative of other collateral source payments because there is no way to tell for "what particular months or weeks, or even days, the lost wages were being awarded." (Doc. 122 at 3.) Primo does not, however, explain why the jury's verdict would need to be so fine-grained. In any event, based on the limited evidence Primo presented at trial regarding his work on the Florida Times-Union loading dock, the Court does find that the lost wages award is duplicative of Primo's settlements with Fudge and with his employer's workers' compensation carrier and should be subject to setoff for these prior payments.

In sum, the Court will set the total jury award of $57,560 off for $3,399.98 in PIP benefits, $794.59 in Medpay benefits, $7,093.63 in workers' compensation

---

[1] Primo also contends that Medpay benefits are not a collateral source and should not be set off. (Doc. 122 at 3). However, the Florida Supreme Court has held directly to the contrary. <u>Allstate Ins. Co. v. Rudnick</u>, 761 So. 2d 289, 291 (Fla. 2000) ("[M]edpay benefits are a collateral source to which the general collateral source statute is applicable.")

benefits, $10,000 for Primo's settlement with Fudge and her insurance carrier, and $20,050 for his workers' compensation settlement. The Court will therefore enter judgment in favor of Plaintiff William Primo in the amount of $16,221.80.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of December, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies:

Counsel of record