**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM PRIMO,

    Plaintiff,

v.                                                                          Case No. 3:13-cv-64-J-32MCR

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a Florida insurance
corporation,

    Defendant.

**O R D E R**

This case is before the Court on Plaintiff's Bill of Costs (Doc. 128) and Defendant's Motion to Tax Costs and Attorneys' Fees, Pursuant to Section 768.79, Florida Statutes (Doc. 131). On August 10, 2015, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 136) recommending that Plaintiff William Primo be awarded some, but not all, of the costs he requests and that Defendant State Farm Mutual Automobile Insurance Company's motion be granted to the extent that it may recover fees and costs under Florida Statutes, § 768.79, but not all the fees and costs it seeks. Primo and State Farm each filed objections to the Report and Recommendation. (Docs. 137, 138.) State Farm filed a response to Primo's objections. (Doc. 139.) Primo did not respond to State Farm's objections, and the time in which to do so has passed. M.D. Fla. R. 6.02(a).

Upon de novo review of the parties' submissions and the file, the undersigned

largely overrules the parties' objections and adopts the Report and Recommendation.[1] Primo's first objection is a near verbatim restatement of the first argument in his opposition to State Farm's motion (compare Doc. 138 at 2-4; with Doc. 132 at 1-3), and, upon due consideration, the undersigned rejects it for the same reasons as the Magistrate Judge (Doc. 136 at 3-8). Primo's second objection—that the Magistrate Judge should have included the full amount of his expert fees in calculating the "judgment obtained" under Fla. Stat. § 768.79 (Doc. 138 at 4-5)—is clearly foreclosed by the Supreme Court, Eleventh Circuit, and Middle District of Florida precedent cited in the Report and Recommendation (Doc. 136 at 11-14). The undersigned therefore overrules Primo's objections and finds that State Farm is entitled to recover fees and costs pursuant to Florida Statutes, § 768.79.

State Farm, obviously, does not object to that conclusion, but does object on a number of grounds to the Magistrate Judge's calculation of the fees and costs it should recover. The undersigned will overrule most of these objections, but sustain two.

Like the Magistrate Judge, the undersigned accepts the parties' stipulation that State Farm is entitled to $40,737.00 of the $49,622.50 in fees it claims. (Id. at 15-16.) As for the remaining $8,885.50 in fees, the undersigned agrees with the Magistrate Judge that the $232.00 in fees for preparing Dr. Norman for trial and preparing to cross-examine Gil Spruance are not recoverable, though not solely because neither witness testified at trial, but because the parties had already indicated on the record during the August 29, 2014 hearing, before these fees were incurred, that neither

---

[1] The undersigned denies Primo's request for oral argument on his objections.

witness would be called at trial.[2]

The undersigned has closely reviewed the remaining time entries from after December 10, 2014 that State Farm still seeks to recover[3] and concludes that some of this time is recoverable. The majority of the entries relate to litigating State Farm's entitlement to fees, including those entries detailing time spent researching and responding to Primo's bill of costs, because State Farm's entitlement to fees depends on "the judgment obtained" by Primo, which includes his taxable costs. See White v. Steak & Ale of Fla., 816 So. 2d 546, 551 (Fla. 2002); see Fla. Stat. § 768.79(1), (6)(a). However, the amount of time spent seems excessive. The Court will therefore award State Farm half of its fees for the time entries from December 11, 17, 18, 19, 21, 22, 23, 27, and 28, the first time entry on December 29, the last two time entries on December 29, and the two time entries on December 31.

In sum, the Court will award State Farm a total of **$44,852.25** in attorney's fees ($40,737.00 in stipulated fees, $1,752.00 in fees incurred from October 6 to December 10, and $2,363.25 in fees incurred after December 10).

State Farm next objects to the Magistrate Judge's legal conclusion that the recovery of costs is governed by federal law and the resulting recommendation that only $1,943.13 of State Farm's requested $24,449.72 in costs should be awarded. The

---

[2] Primo has not objected to the Magistrate Judge's recommendation that State Farm recover the $1,752.00 in fees incurred from October 6, 2014 to December 10, 2014. (Doc. 136 at 7.) The undersigned, in any event, agrees with the recommendation.

[3] In its objections, State Farm concedes that certain entries on December 16 and December 29 are related to litigating the amount of fees, not entitlement to fees and are therefore not recoverable. (Doc. 137 at 2.)

3

Report and Recommendation cites three recent Middle District of Florida cases for the proposition that, in a diversity case, recovery of costs under Fla. Stat. § 768.79 is governed by federal law, not Florida's guidelines for taxation of costs. (Doc. 136 at 19-20 (citing Jalosinski v. Dorel Juvenile Grp., Inc., No.: 2:13-cv-371, 2015 WL 4395406, at *5 (M.D. Fla. July 16, 2015); North v. Mayo Grp. Dev., L.L.C., No. 3:11-cv-444-J-32JBT, 2013 WL 3461932, at *1-4 (M.D. Fla. July 9, 2013); and Kearney v. Auto-Owners Ins. Co., No. 8:06-cv-00595-T-24TGW, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010)).) State Farm contends that, when examined closer, the authority upon which those cases rest dealt with a different statute, not § 768.79. (Doc. 137 at 5-6.)

State Farm is mistaken.[4] Kearney in particular tackled the issue head-on, holding that, while § 768.79 is substantive law that allows a party in a diversity case to recover fees and costs, the specific costs recoverable are those specified in 28 U.S.C. § 1920, not what might be recoverable under Florida law. 2010 WL 3062420 at *1-2. Then, as recently as two months ago, another court in this District cited Kearney for this holding and, after finding that defendants were entitled to fees and costs under §768.79, determined to "apply federal law, not Florida's offer-of-judgment statute, to decide [the defendants'] request for costs." Jalosinski, 2015 WL 4395406 at *5.

The undersigned's own research has revealed no case other than Kearney that directly addresses the tricky question presented here.[5] Upon review, though, the

---

[4] State Farm's mistake appears to be due in part to confusion between two orders entered in Kearney on the same day. Compare Kearney, 2010 WL 3062420; with Kearney v. Auto-Owners Ins. Co., No. 8:06-cv-00595-T-24TGW, 2010 WL 3119380 (M.D. Fla. Aug. 4, 2010).

[5] It is worth noting that some of the cases State Farm cites have handled costs

4

undersigned agrees with the conclusion in Kearney that a party may be entitled to costs pursuant to § 768.79, but that the statute's reference to "reasonable costs" and the advisory Florida guidelines for taxation of costs are not the kind of "explicit" statutory authorizations needed for the Court to disregard the general rule that costs recoverable in federal court are limited to those set forth in 28 U.S.C. § 1920. Kearney, 2010 WL 3062420 at *2 (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S.C. 437, 445 (1987)). The undersigned therefore overrules State Farm's objection to the Magistrate Judge's use of federal law in deciding which costs it could recover.[6]

Finally, the undersigned determines that one judgment in favor of State Farm and against Primo is appropriate here. See Fla. Stat. § 768.79(1), (6)(a). Consistent with this Order, the Court will enter judgment in favor of State Farm in the amount of **$21,070.10** ($46,795.38 in fees and costs, less the $25,725.28 "judgment obtained" by Primo).

Accordingly, it is hereby

**ORDERED:**

---

differently. See, e.g., Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc., 5:10-cv-329-Oc-10PRL, 2015 WL 846650, at *4, 11-13 (finding that § 768.79 applies to permit recovery of fees, but taxing costs under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 consistent with the movant's request); Strait v. Busch Entm't Corp., No. 8:05-cv-1864-T-24MAP, 2007 WL 496605, at *3 (M.D. Fla. Feb. 12, 2007) (awarding fees and costs, including expert witness fees, under Florida law). In American Home, though the movant did not ask for fees under Florida law. 2015 WL 846650 at *11. And in Strait, the plaintiff opposed the application of § 768.79, but not specifically the calculation of costs under Florida law. See 2007 WL 496605. Thus, neither court was directly presented with the issue here.

[6] State Farm has not objected to the way the Magistrate Judge applied federal law in deciding which costs were recoverable. (See Doc. 137.) The undersigned agrees with the Magistrate Judge's recommendations, in any event.

5

1. Primo's Written Objections to Magistrate Judge's Report and Recommendation (Doc. 138) are **OVERRULED**.

2. State Farm's Written Objections to Magistrate Judge's Report and Recommendation (Doc. 137) are **SUSTAINED in part** and **OVERRULED in part** as stated above.

3. The Report and Recommendation of the Magistrate Judge (Doc. 136), as modified herein, is **ADOPTED** as the opinion of the Court, together with this Order.

4. State Farm's Motion to Tax Costs and Attorneys' Fees, Pursuant to Section 768.79, Florida Statutes (Doc. 131) is **GRANTED in part** and **DENIED in part**.

5. Primo's Application to Tax Costs (Doc. 128) is **ALLOWED** only to the extent that the Court will reduce the award of fees and costs to State Farm by the "judgment obtained" by Primo, including taxable costs. The application is otherwise **DENIED**.

6. The Court will direct the Clerk to enter one Amended Final Judgment in favor of Defendant State Farm Automobile Insurance Company and against Plaintiff William Primo in the amount of $21,070.10.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of September, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Honorable Monte C. Richardson
United States Magistrate Judge

Counsel of record